No. 32,102

ARTHUR BETH, *Appellee,* v. THE STATE HIGHWAY COMMISSION, etc., *Appellee,* DOUGLAS HUDSON, as Trustee for May Hutton Milligan et al., *Appellant.*

(41 P. 2d 721)

 Opinion
filed March 9, 1935. 

*B. Hudson,* of Fort Scott, for the appellant.
*Harry W. Fisher,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This proceeding was begun in the district court to determine who is entitled to reimbursement from the funds of the state highway commission for certain taxes paid for improved roads prior to the time they were taken over by the state at large.

It appears that in 1905 one Nannie R. Taylor, owner in fee of a quarter-section farm in Bourbon county, died testate. She devised a life estate in that farm to her niece, May Hutton Milligan, with remainder to her surviving children. The devise provided that the life tenant should pay the taxes out of the rents and profits of the land.

At some time not disclosed by the record, Arthur Beth became tenant of the farm, and as such he held possession of it for some unstated number of years. When the construction of all-weather roads was undertaken in Bourbon county under road-benefit-district statutes, now repealed, the taxes on this farm mounted to figures which the rents and profits would not meet. The taxes for 1923 and for some later years were not paid; and on September 6, 1927, the farm tenant, Arthur Beth, obtained a tax deed to the property. To raise funds for that purpose Beth borrowed $3,060 from the Bank of Fulton and executed a mortgage on the farm to secure its payment.

Some time later, the life tenant and her children brought suit in the United States district court to have the tax deed judicially annulled and the mortgage canceled. That court held the tax deed void and quieted plaintiffs' title, but also decreed that Beth should be reimbursed in the sum of $54.55 for certain improvements, and that the Bank of Fulton should likewise be reimbursed for the money it had loaned to Beth to obtain the tax deed and to pay subsequent taxes on the property. By order of the federal court,

Douglas Hudson, of Fort Scott, was appointed trustee to protect the interests of the life tenant and remaindermen. A special master, James G. Sheppard, was appointed to sell the property and to devote the proceeds to satisfy all proper claims against the property. This was effected; and a net balance of cash, amount undisclosed, was delivered to Douglas Hudson, trustee for the life tenant and remaindermen.

For some time past the state highway commission has been distributing a portion of its funds to reimburse taxpayers who were out of pocket for the construction of good roads before they were taken over as a part of the state's highway system. The statutory authority for such distribution reads:

"There shall be the sum of $250,000 transferred quarterly by the state treasurer from the highway fund into a fund known as the 'state highway benefit-district fund.' The fund thus created shall be used for the payment and reimbursement of benefit-district costs and assessments for such benefit districts that have been and may hereafter be constructed as a part of the highway system." (R. S. 1933 Supp. 68-416, subdiv. 3.)

So far as here pertinent the next statutory provision reads:

"The state highway commission shall apply the funds provided for by subdivision 3 of section 1 of this act to payments and reimbursements in benefit districts where roads constructed under the benefit-district plan are a part of the state highway system, as follows: . . . to the reimbursement annually to the taxpayers of one assessment, including principal and interest, made and collected on such lands and improvements; . . . ." (R. S. 1933 Supp. 68-417.)

Another pertinent section, in part, reads:

". . . The right to reimbursement under this act shall not be assignable separate from the sale of the land, and no reimbursement in any amount shall be made or paid to any person who has acquired the claim for reimbursement separate and apart from the real property." (R. S. 1933 Supp. 68-417a.)

Pursuant to these statutory provisions, in 1932 the state highway commission made a refund of $113.61 to Douglas Hudson, trustee for Mrs. Milligan and her children, for road taxes imposed on their farm in 1923. It was the original default in payment of the tax for that year which eventually culminated in the issue of a tax deed to Beth, the farm tenant.

In 1933, when the state highway commission was ready to make reimbursement for the road taxes on the farm for 1924, Beth brought this action against the state highway commission claiming that the reimbursements should be made to him. The commission answered

at length, alleging the historical facts, and praying that Douglas Hudson, trustee for the Milligans, be impleaded, and for an adjudication of the rival claims of Beth and the trustee to the moneys the commission had in its hands and which it was willing to pay as the court should direct.

Hudson, as trustee, filed an intervening petition laying claim in behalf of his *cestuis que trustent* to the moneys to be refunded. Beth's reply joined issues of law. The pertinent facts were stipulated, and the trial court reached certain conclusions of law, one of which reads:

"There is no rule of equity or statutory provision which exactly determines the controversy in this action, conceding that Arthur Beth had a right to take title to the land by the tax deed, when the life tenant allowed said land to become delinquent."

Following this singular conclusion, judgment was entered as follows:

". . . Douglas Hudson, as trustee, shall receive from the state highway commission and receipt therefor, all of the refund of taxes involved in this action for the years 1923, 1924, 1925, 1926, and 1927, as and when said refunds of road taxes shall become due and payable, and out of the amounts received shall pay the costs of this action, and all refunds, above the costs of this action, whether paid or to be paid in the future, one-half shall be paid to Arthur Beth and the other one-half retained by Douglas Hudson, as trustee for May H. Milligan and her children."

The trustee appeals, and plaintiff does likewise.

Considering first the plaintiff's appeal, it is argued on his behalf that since he paid the taxes for 1923, and for several subsequent years, he is the "taxpayer" to whom reimbursement is due under the statutory provisions set out above. We think not. His tax deed was a nullity, although the generosity of Kansas law towards investors in void tax titles is such that their investments are protected by a sort of lien which entitles them to a return of the amounts they have paid together with a very liberal rate of interest thereon. The payment of taxes on land is primarily a liability on the land itself, and consequently the taxpayer contemplated by the statute quoted above is the owner of the land—who *ought* to be the taxpayer. And he is none the less the taxpayer although the tax is paid through statutory processes to enforce its collection—one of which includes the sale of the land for delinquent taxes, the eventual issue of a tax deed thereon which has to be

gotten rid of at the expense of the landowner, with the alternative of the irrevocable loss of the property. The argument that the tax deed holder was the "taxpayer" in contemplation of the statute could as plausibly be made in favor of the Bank of Fulton which provided the money for Beth to obtain the tax deed. And just as plausibly could it be argued that any real-estate agent who pays taxes on real property with the rent moneys he collects therefrom, in his principal's behalf, is likewise a "taxpayer"; but we have no hesitancy in holding that neither the holder of a void tax deed, nor a bank which furnished the money to procure that tax deed, nor the agent of a landowner who pays taxes with the rents he has collected on the property of his principal can qualify as the "taxpayer" contemplated by the statutory provisions above quoted.

On the other hand, we think it too clear for cavilling that Mrs. Milligan and her children were the owners of the property and that not only were they the taxpayers contemplated by the statute, but that by statutory processes *in invitum* they were compelled to and did pay the taxes which the state highway commission is to reimburse. Indeed, Mrs. Milligan and her children have had to sacrifice their farm in order to pay those taxes. And it is both legal and equitable, in our opinion, that the reimbursement should be made to their trustee; and that the erstwhile holder of the void tax deed, plaintiff herein, has no interest whatever in the moneys to be disbursed by the highway commission.

The result is that so much of the judgment as requires the intervening trustee to pay any costs in this action, and so much of the judgment as awards to plaintiff one-half of any moneys which may yet be refunded by the state highway commission in relation to the road taxes heretofore imposed and collected on the Milligan farm, are erroneous and must be set aside.

The judgment of the district court is reversed, and the cause remanded with instructions to enter judgment in favor of the intervening trustee, and that the plaintiff be adjudged to pay the costs of this action.